## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. BK22-40277-TLS |
| MARISSA LYNN DEDRICK, | CHAPTER 7 |
| Debtor(s). | ADV. NO. A22-4014-TLS |
| PHILIP KELLY, Chapter 7 Trustee, | |
| Plaintiff(s) | **ORDER** |
| vs. | |
| VALDA McDONALD, | |
| Defendants(s). | |

This matter is before the court on the plaintiff's complaint (Fil. #1) to avoid and set aside a transfer pursuant to 11 U.S.C. § 547(b). The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), and (O). Trial was held by video conference in Lincoln, Nebraska, on January 25, 2023. Philip Kelly, the Chapter 7 Trustee, appeared as the plaintiff, and David Kyker appeared for the defendant, Valda McDonald. Testimony was taken and exhibits were offered and received. The parties submitted written closing arguments which have been filed, and the matter is now ready for decision.

For the reasons stated below, judgment will be entered in favor of the plaintiff.

### FACTUAL BACKGROUND

The following facts were either agreed to by the parties in the pretrial statement or were established at trial without dispute:

1. The debtor, Marissa Dedrick, is the former daughter-in-law of the defendant. From approximately October or November of 2020 through February of 2022, debtor and her children (the defendant's grandchildren) lived in the basement of defendant's leased house.

2. In the pretrial statement the parties agreed: "The Debtor sub-leased a basement apartment from the Defendant."

3.  The debtor filed for relief under Chapter 7 of the Bankruptcy Code in the District of
    Nebraska on March 30, 2022, Case No. BK22-40277.

4.  Debtor disclosed on her Statement of Financial Affairs that she made a payment of
    "Back Rent" to the defendant of $6,650 in February 2022.

5.  On February 28, 2022, debtor withdrew $7,000 in cash from her bank account.

6.  The defendant's schedules show she had total assets on the date of filing of $5,856 and
    total debts of $26,428.94. At the time of the filing the debtor was insolvent.

The parties do not agree on much else. Debtor testified that she and her family needed more
space due to her having a third child and that she found an apartment for "cheaper rent." Debtor
said she made the payment to the defendant shortly after withdrawing the $7,000.00 because her
prospective landlord was requesting a reference from her current landlord, the defendant. She said
the payment was made to encourage the defendant to provide a favorable reference to the new
landlord because defendant "had made it apparent" that she would not give a good rental reference
unless the back rent was paid. Debtor testified that the receipt (Fil. # 17) was prepared by defendant
and signed by both of them when the payment was made.

Defendant denies that debtor made the $6,650 payment and further asserts that debtor
never made any rent payments during the time she lived at defendant's home. Defendant also
denies preparing or signing the receipt in evidence at Fil. #17. Defendant offered her driver's
license into evidence as an example of her actual signature.

To complicate matters, defendant testified that the evening before the trial debtor came to
her house and told her she would pay the judgment once she gets her tax refund if defendant would
just agree to the judgment. Debtor acknowledged she "offered to pay it" but she said she did so
because she was "stressed" and getting pressured by her ex-husband about the litigation, and she
just wanted to get it over with.

## DISCUSSION

This action was brought to avoid and recover allegedly preferential transfers under §§ 547
and 550 of the Bankruptcy Code. The preference statute is in place to protect debtors and ensure
an orderly distribution of assets.

"Under the Bankruptcy Code's preference avoidance section, 11 U.S.C.
§ 547, the trustee is permitted to recover, with certain exceptions, transfers of
property made by the debtor within 90 days before the date the bankruptcy petition
was filed." *Barnhill v. Johnson*, 503 U.S. 393, 394, 112 S. Ct. 1386, 118 L. Ed. 2d
39 (1992). "This rule 'is intended to discourage creditors from racing to dismember
a debtor sliding into bankruptcy and to promote equality of distribution to creditors

2

in bankruptcy.'" *Lindquist v. Dorholt (In re Dorholt, Inc.)*, 224 F.3d 871, 873 (8th Cir. 2000) (quoting *Jones Truck Lines, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund (In re Jones Truck Lines, Inc.)*, 130 F.3d 323, 326 (8th Cir. 1997)).

"Title 11 U.S.C. § 547(b) requires that in order for a transfer to be subject to avoidance as a preference, (1) there must be a transfer of an interest of the debtor in property, (2) on account of an antecedent debt, (3) to or for the benefit of a creditor, (4) made while the debtor was insolvent, (5) within 90 days prior to the commencement of the bankruptcy case, (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor asserted its claim in a Chapter 7 liquidation." *Buckley v. Jeld-Wen, Inc. (In re Interior Wood Prods. Co.)*, 986 F.2d 228, 230 (8th Cir. 1993).

*Wells Fargo Home Mortgage, Inc. v. Lindquist*, 592 F.3d 838, 842 (8th Cir. 2010).

The Trustee, as plaintiff, has the burden to prove each of the elements of an avoidable preference under 11 U.S.C. § 547(b) by a preponderance of the evidence. *Stingley v. AlliedSignal, Inc. (In re Libby Int'l, Inc.)*, 247 B.R. 463, 466 (B.A.P. 8th Cir. 2000) (citations omitted). Once the trustee does so, the burden shifts and the transferee bears the burden of proving any affirmative defenses under § 547(c). *Id.* "The burden of showing something by a 'preponderance of the evidence,' the most common standard in the civil law, 'simply requires the trier of fact "to believe that the existence of a fact is more probable than its nonexistence[.]"'" *Concrete Pipe & Prod. of California, Inc. v. Constr. Laborers Pension Tr. for S. California*, 508 U.S. 602, 622 (1993) (quoting *In re Winship*, 397 U.S. 358, 371–372 (1970)) (Harlan, J., concurring). Here, the defendant does not raise any affirmative defenses under § 547(c) – she only challenges whether the trustee has established by a preponderance of the evidence that there was a transfer of an interest of the debtor on account of an antecedent debt. More specifically, the defendant denies that the debtor paid her $6,650.00 on February 28, 2022, for past-due rent. The remaining elements of § 547(b) are undisputed and need not be addressed.

Therefore, the question facing the Court is whether the trustee met his burden of proving the existence of that payment by a preponderance of the evidence. To meet that burden, the trustee showed that when the debtor filed her bankruptcy case, she listed on her statement of financial affairs that she had made a payment to defendant in the amount of $6,650.00 on February 28, 2022, for "Back Rent." (Fil. #15 at 40). The debtor also testified to making that payment during the meeting of creditors and again at the trial of this matter. The trustee put into evidence a copy of debtor's bank statement showing a withdrawal of $7,000.00 on February 28, 2022. (Fil. #16). Also in evidence is a document (Fil. #17) showing purported signatures of defendant and debtor, each dated February 28, 2022, stating: "Marissa Dedrick paid the amount of $950 for rent for the basement apartment of 1111 East 30th dr Kearney ne [sic]. She owed from August to February and made that payment on February 28th." The trustee notes that $950 multiplied by the seven months of August to February equals $6,650.00. Debtor testified that defendant prepared that document and signed it in her presence.

The trustee also references the defendant's responses to certain interrogatories (Fil. #24). In response to a question about the dates that the debtor "rented" the basement apartment,

defendant did not dispute or challenge the use of the term "rented." Instead, defendant provided the dates debtor lived there. Another interrogatory asked if debtor defaulted on her "rent" obligation and asked that she list the months she did not pay "rent as agreed." Instead of saying "no rent was due," or anything to that effect, defendant simply listed "October 2020 to January 2022." Defendant also acknowledged that debtor told her she might be getting a call from debtor's new landlord to check her rental references.

Defendant testified that she did not receive a payment of $6,650.00 from debtor and that she never received any rent from debtor. Defendant also testified that she did not prepare or sign the purported receipt at Fil. #17. Defendant introduced into evidence her driver's license (Fil. #18) as an example of her actual signature. Finally, defendant testified that the evening before the trial, debtor came to her house and told her she "knows she has to pay it" and would pay the judgment once she gets her tax refund if defendant would just agree to the judgment.

Importantly, certain evidence was not presented. Several witnesses were listed on defendant's witness list who purportedly had information regarding the rental arrangements, but none of those witnesses (other than debtor and defendant) were called to testify. Neither party called debtor's ex-husband (and son of defendant) to testify and neither party elaborated on the "pressure" that debtor was experiencing regarding the litigation. Other than debtor's bank statement showing the $7,000.00 withdrawal, no bank account information (which may or may not have shown a pattern of paying or depositing rent payments) was provided by either debtor or defendant. Defendant repeatedly stated that no rent was ever paid, but she never directly testified as to whether there was any understanding at any time regarding the payment of rent. Finally, no expert testimony or handwriting analysis was presented regarding the purported signature of defendant on the receipt, and only one sample of defendant's actual signature was provided.

Unfortunately for this Court and for the integrity of the legal system as a whole, one of the two witnesses — either debtor or defendant — lied on the witness stand at trial. This is not a case where there could be a misunderstanding or a different recollection rather than a lie. Either the payment was made or it was not. Either the receipt was prepared and signed by defendant or it was not. There is no other option. It is a shame that someone sworn under oath to tell the truth in a court of law could so blatantly lie. But here we are. To add to the difficulty, both witnesses appeared credible in their testimony.

At the end of the day, however, I don't have to make a decision based on who did or did not lie. Instead, I must determine whether the trustee met his burden of proof by a preponderance of the evidence. I need only decide if the trustee's version of the disputed facts is more likely than not, *In re Libby Int'l, Inc.*, 247 B.R. at 466, and I find that the trustee's evidence met this low threshold. The trustee's evidence is more compelling when compared to the defense. Specifically:

— The only disputed element of the trustee's preference claim is whether debtor paid the defendant $6,650.00 for back rent on February 28, 2022. Debtor reported the preferential payment at the time of bankruptcy filing on her statement of financial affairs, as required, and consistently testified to it both at the meeting of creditors and this trial.

— There is a receipt for the payment bearing the purported signature of the defendant. No expert testimony or handwriting analysis was provided to suggest that the signature is a forgery.

— There is a financial trail showing a withdrawal of the money from debtor's bank on the same day as the payment.

— Debtor will not receive any financial benefit from the trustee's preference recovery. The only apparent benefit to debtor is not having to otherwise explain what became of the $7,000.00 that she withdrew from her bank.

— In the pretrial statement the parties agreed that debtor was subleasing the basement apartment from defendant. Defendant's interrogatory answers appear to acknowledge that debtor was "renting" the basement apartment rather than simply living there rent-free. Defendant acknowledged in her closing argument brief that debtor "was 'supposed' to pay rent." Further, defendant did not produce the testimony of any of her listed witnesses who purportedly had knowledge of the living arrangement.

In contrast, the defendant's evidence consisted of her testimony denying that she ever received any rent payments from the debtor and her denial that she signed the receipt. To support her suggestion that the signature of her name on the receipt is a forgery, defendant produced a copy of her signature as it appears on her driver's license. She didn't produce any other samples of her signature. Her attorney suggests that the two signatures are "markedly" different, but I cannot agree. Like virtually all judges, I have had no formal training in handwriting analysis. I agree that the two signatures are not exactly the same but they are also not so clearly distinct as to suggest a forgery. The comparison is made all the more difficult by the lack of additional signature samples. Finally, there was no evidence to show any motive for debtor to lie when she consistently said (in her statement of financial affairs, her §341 meeting testimony, and her trial testimony) that she made the payment of back rent to defendant.

Accordingly, I find that the trustee has met his burden of proof by a preponderance of the evidence. In doing so, I do not overlook the testimony of both debtor and defendant which revealed that on the evening prior to trial, debtor visited defendant and offered to pay the judgment when debtor receives her tax refund. Defendant's closing argument brief engages in speculation as to why debtor would have made such statements, but I am not swayed by that speculation. Speculation can go both ways, and there are other plausible explanations as to why debtor felt compelled to make the offer if one reads between the lines of the tid-bits revealed at trial. But that would be speculation, and I need to deal with the facts presented. There was no testimony by either party that, when making that last minute offer to pay the judgment, debtor made any admissions regarding the veracity of her statements that she paid $6,650.00 to defendant on February 28, 2022. In fact, defendant testified that debtor did *not* admit to lying about the payment. Debtor testified that she made the offer because she felt "pressured" to make the litigation "go away." I find that explanation plausible.

IT IS ORDERED: The plaintiff has established the necessary elements under 11 U.S.C. §§ 547(b), 550, and 551 to avoid and set aside the transfer of $6,650.00 to the defendant. Separate judgment will be entered in favor of the plaintiff.

DATED: February 23, 2023.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the court to:
     \* Philip Kelly
     David Kyker
     United States Trustee

\*Movant is responsible for giving notice to other parties if required by rule or statute.